**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**PACIFIC FOOD SOLUTIONS, LLC,**

        **Plaintiff,**

**v.**          **Case No:  6:14-cv-327-Orl-28GJK**

**G H INTERNATIONAL, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 14)
>
> **FILED:** June 10, 2014
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part.**

**I.  BACKGROUND.**

On February 27, 2014, Plaintiff filed a single-count complaint (the "Complaint") against Defendant alleging breach of contract.  Doc. No. 1.[1]  The Complaint contains the following relevant allegations of fact.  On August 16, 2013, the parties entered into a Memorandum of Understanding (the "Agreement") "whereby [Defendant] was to provide services to [Plaintiff] in connection with securing a loan or financing package."  Doc. No. 1 at ¶ 6.  Under the Agreement,

---

[1] The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, diversity jurisdiction.  Doc. No. 1 at ¶¶ 1-5.

Plaintiff paid Defendant a deposit of $125,000.00 to secure a loan in the amount $1,250,000.00 (the "Loan"). Doc. No. 1 at ¶ 7. Section 4 of the Agreement provides, in relevant part, as follows:

> If loan agreement is not fully executed, and the entire $1,250,000 is not funded within 60 days of execution of this agreement, the entire cash deposit of $125,000.00 will be refunded immediately back to [Plaintiff].

Doc. Nos. 1 at ¶ 8; 14 at 10. The Loan was not funded within the sixty (60) day period. Doc. No. 1 at ¶ 9. Plaintiff contacted Defendant several times after passage of the sixty (60) period demanding return of the $125,000.00 deposit, but Defendant has not returned any amount of the deposit. Doc. No. 1 at ¶¶ 10-11, 14.

On April 11, 2014, Plaintiff filed a motion requesting the Clerk to enter default against Defendant, pursuant to Rule 55(a), Federal Rules of Civil Procedure. Doc. No 12. On April 14, 2014, the Clerk entered default against Defendant. Doc. No. 13. On June 10, 2014, Plaintiff filed a Motion for Final Default Judgment (the "Motion"). Doc. No. 14. Plaintiff requests that the Court enter final default judgment against Defendant in the principle amount of $125,000.00, plus post-judgment interest, and costs in the amount of $512.70. Doc. No. 14 at 2, 18.[2]

## II. STANDARD OF REVIEW.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). However, the mere entry of default by the Clerk does not in itself warrant the entry of default judgment by the Court. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

---

[2] While the Motion itself does not request post-judgment interest (*see* Doc. No. 14 at 1-2), the proposed judgment attached to the Motion indicates that Plaintiff is seeking post-judgment interest. Doc. No. 14 at 18.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September

Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Id.*; *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206). Although it must accept well-pled facts as true, the Court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Notwithstanding the propriety of default judgment against a defendant, it remains incumbent on the plaintiff to prove the amount of damages to which he or she is entitled. "While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records Am., Inc. v. Lacey*, 510 F.Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *Whole Space Indus., Ltd. v. Gulfcoast Int'l Prods., Inc.*, Case No. 2:09-cv-217-UA-SPC, 2009 WL 2151309, at *3 (M.D. Fla. July 13, 2009) (same). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were speculative and not proven by a fair preponderance of the evidence).

---

30, 1981.

The Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default. *Anheuser Busch*, 317 F.3d at 1266.  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See Id*. at 1232 n.13; *see also Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

### III.  ANALYSIS.

**A.  Breach of Contract.**

A federal court exercising diversity jurisdiction must apply the choice-of-law rules of the forum state to determine the substantive law to be applied in the case. *Am. Family Life Assurance Co. of Columbus, Ga. v. U.S. Fire Co.*, 885 F.2d 826, 830 (11th Cir. 1989) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487 (1941)). The forum state is Florida. Accordingly, the Court must apply Florida's choice-of-law rules to determine the substantive law to be applied. *Am. Family Life*, 885 F.2d at 830. Under Florida law, courts will enforce "choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Maxcess, Inc. v. Lucent Tech., Inc.*, 433 F.3d 1337, 1341 (11th Cir. 2005) (quoting *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So.2d 306, 311 (Fla. 2000)). "The countervailing public policy must be of sufficient importance and rise above the level of routine policy considerations to warrant

invalidation of a party's choice to be bound by the substantive law of another state." *Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So.3d 73, 80 (Fla. 2012) (citing *Mazzoni*, 761 So.2d at 312)).

Here, the Agreement provides Florida law will govern (Doc. No. 14 at 12) and no public policy contrary to enforcing the parties' choice of law has been identified. Therefore, the Court finds that Florida law controls. *See, e.g.*, *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 931-32 (11th Cir. 2013) (finding that where the contract expressly designated federal law as the law that applies, and no public policy contrary to enforcing the parties' choice of law has been identified, federal law should be applied).

In order to plead a claim for breach of contract under Florida law, a plaintiff must assert the following: 1) existence of a valid contract; 2) a material breach of the contract; and 3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th DCA 2008)). To constitute a material breach, a party's nonperformance must "go to the essence of the contract; it must be the type of breach that would discharge the injured party from further contractual duty on his part." *Beefy Trail, Inc. v. Beefy King Intern., Inc.*, 267 So.2d 853, 857 (Fla. 4th DCA 1972). A party's "failure to perform some minor part of his contractual duty cannot be classified as a material or vital breach." *Id.*

Accepting the well-pled allegations of the Complaint as true, the following facts have been established. Plaintiff and Defendant entered into the Agreement on August 16, 2013, in which Defendant agreed to loan Plaintiff $1,250,000.00. Doc. Nos. 1 at ¶ 6; 14 at 7-8. Pursuant to the terms of the Agreement, Plaintiff paid a deposit of $125,000.00 to Defendant. Doc. No. 1 at ¶ 7. In violation of Section 4 of the Agreement, detailed above, Defendant did not fund the loan within

the time provided for in the Agreement. Doc. No. 1 at ¶¶ 9-11. Thus, Defendant was obligated to refund Plaintiff's deposit. Doc. Nos. 1 at ¶ 8; 14 at 10. Defendant, however, has not refunded any portion of the $125,000.00 deposit to Plaintiff, resulting in a material breach of the Agreement. Doc. No. 1 at ¶ 14. Consequently, Plaintiff has suffered damages in the amount of $125,000.00. Doc. No. 1 at ¶ 15. Accordingly, it is **RECOMMENDED** that the Court find that the elements of breach of contract under Florida law are met, and that Plaintiff has suffered damages as a result thereof.

### B. Damages.

#### 1. Sum Certain.

Plaintiff requests damages in the principal amount of $125,000.00, which represents the amount of the deposit paid to Defendant. Doc. Nos. 1 at 3; 14 at 2. Upon review of the Complaint and Motion, as well as the attachments thereto, the undersigned finds that the principal amount Plaintiff seeks is a sum certain, and that said amount remains outstanding. Doc. Nos. 1 at 3; 14 at 2, 4-5. Accordingly, it is **RECOMMENDED** that the Court enter judgment for Plaintiff in the principal amount of $125,000.00.

#### 2. Post-judgment Interest.

The Court applies the federal interest statute, 28 U.S.C. § 1961(a), in a diversity case, rather than the state interest statute. *G.M. Brod & Co., Inc. v. U.S. Home Corp.*, 759 F.2d 1526, 1542 (11th Cir. 1985). Plaintiff has requested post-judgment interest (Doc. Nos. 1 at 3; 14 at 18), and is entitled to the same. Accordingly, it is **RECOMMENDED** that the Court award post-judgment interest at the legal rate from the date it enters final judgment.

### 3. Costs.

Generally, a prevailing party may tax costs pursuant to Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920. Rule 54(d), Federal Rules of Civil Procedure, provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court otherwise directs. Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

The court has limited discretion in awarding costs, and is permitted to tax only those items specified in § 1920, unless authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court. *Lee v. Am. Eagle Airlines, Inc.*, 93 F.Supp.2d 1322, 1335-36 (S.D. Fla. 2000). Failure to provide supporting documentation verifying the costs incurred and the services rendered can be grounds

for denial of costs. *Pelc v. Nowak*, Case No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

Plaintiff is a prevailing party, and thus entitled to costs. Fed. R. Civ. P. 54(d). Plaintiff requests an award of $512.70 in costs. Doc. No. 14 at ¶ 7. In support, Plaintiff provides an affidavit from counsel, in which counsel avers that Plaintiff's costs include $400.00 for the filing fee, $55.00 for service of process, and $57.70 for "FedEx." Doc. No. 14 at 16. The filing fee and service of process fee are both reasonable and taxable. *See* 28 U.S.C. § 1920(1); *see also U.S. EEOC v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000) (holding that costs associated with service of process by the U.S. Marshals and a private process server may be taxed pursuant to 28 U.S.C. §§ 1920(1), 1921); *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, Case No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) (finding that filing fees fall within the category of "[f]ees of the clerk and marshal."). However, the costs for "FedEx" are not taxable. *See, e.g.*, *Hospitality Intern., Inc. v. Sitaram, Inc.*, Case No. 3:12-cv-01145-99MMH, 2013 WL 6798927, at *10 (M.D. Fla. Dec. 23, 2013) (disallowing UPS charges as costs). Accordingly, it is **RECOMMENDED** that the Court award Plaintiff $455.00 in costs.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 14) be **GRANTED** as follows:

   a. Enter judgment in favor of Pacific Food Solutions, LLC and against G H International, Inc., in the principal amount of $125,000.00;

   b. Award Pacific Food Solutions, LLC post-judgment interest at the legal rate from the date of final judgment; and

   c. Award Pacific Food Solutions, LLC $455.00 in costs; and

      2. Otherwise, **DENY** the Motion.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 26, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy